IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition  :
of Kimberly Wheeler as   :
Democratic Candidate for   :
School Board Director of Souderton :
Area School District     :
           :
Appeal of: Kimberly Wheeler  :   No. 293 C.D. 2023

## O R D E R

AND NOW, this 5th day of May, 2023, the Court's Memorandum Opinion in the above matter, filed April 6, 2023, is amended to reflect the following corrections:

**Page 1, first paragraph, first sentence, should read as follows:** Kimberly Wheeler (Candidate), a Democratic party candidate for the office of **school director** of Souderton Area School District, appeals the order of the Court of Common Pleas of Montgomery County (trial court) that set aside her nomination petition and declared her ineligible to be on the primary election ballot as a Democratic party candidate for the office of **school director.**

**Page 1, second paragraph, fourth line, should read as follows:** Candidate, a registered Republican, filed nomination petitions to appear on both the Republican and Democratic primary election ballots for the office of **school director**.

**Page 3, first paragraph, fourth line, should read as follows:** Unlike the candidate in *Smith*, Candidate is permitted to seek the nomination of both the Republican and Democratic parties for **the office of school director**.

**Page 3, first paragraph, ninth line, should read as follows:** As such, the general interest in preventing party

raiding **does not justify** the burden placed on Candidate's right to engage in political speech by circulating her own nomination petitions and having "on-on-one communication with people qualified to sign and vote for her."

**Page 3, second paragraph, second line, should read as follows:** Only members of the Democratic party can sign Candidate's Democratic nomination petition and only they can vote in the primary election that will determine the Democratic Party candidate for **the office of school director**.

**Page 6, tenth line, should read as follows:** 25 P.S. §2870 (emphasis added).

**Page 6, first full paragraph, fourth line, should read as follows:** However, the General Assembly chose not to extend this exception to the only other candidate that can cross-file: a candidate for office of school director **in a district** where that office is elective.

**Page 6, second full paragraph, first line, should read as follows:** Candidate acknowledges that her petition for the Democratic party nomination for **the office of school director** did not comply with Section 909(a) of the Election Code because she circulated that petition, and she is not a member of **that** party.

**Page 6, second full paragraph, eighth line, should read as follows:** She does not claim that her petition could be circulated by any other Republican party member, as is the case for **the** other candidates **allowed to cross-file.**


**Page 8, first full paragraph, fourth line, should read as follows:** In *Maslow*, the Court of Appeals for the Second Circuit upheld a New York law **that required** circulators of nomination petitions **to** be members of the party whose nomination was sought.

**Page 8, first full paragraph, sixth line, should read as follows:** The *Maslow* **court** rejected the plaintiff's argument that the party membership restriction overly

burdened the candidate's First Amendment right to engage in political speech through the circulation of petitions.

**Page 8, footnote 8, fourth line, should read as follows:** In *Morrill v. Weaver*, 224 F. Supp. 2d 882 (E.D. Pa. 2002), the federal district court entered a permanent injunction prohibiting the Commonwealth from enforcing the requirements in Section 251(d) of the Election Code, 25 P.S. §2911**(d)**, for third-party nominations.

**Page 9, third paragraph, fifth line, should read as follows:** In *Moreland*, a registered Democrat and candidate for school director on both the Republican and Democratic ballots challenged the nominating petitions for school director filed by registered Republicans for the Republican nomination.

**Page 11, second full paragraph, first sentence, should read as follows:** The legislature did not exempt the office of school director from the same party rule in Section 909 for circulators of nomination petitions as it did for candidates for **the court of common pleas**, Philadelphia Municipal Court, and justice of the peace.

In all other respects, the opinion and order shall remain in effect.

It is ORDERED that the above-captioned opinion filed on April 6, 2023, shall be designated OPINION rather than MEMORANDUM OPINION, and it shall be reported.

_____
MARY HANNAH LEAVITT, President Judge Emerita